UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

                Plaintiff,

-against-

CITY OF NEW YORK (HRA); N.Y.P.D.; NYC MTA; BRONX SUPREME COURT; UNITED STATES DISTRICT COURT,

                Defendants.

19-CV-8826 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. Plaintiff alleges, for example, that she "is being experimented on" because "someone wants us humans extinct" and "it is droids over-seeing the jobs." (Compl. at 9.) By order dated September 30, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Yvonne Frost makes the following allegations in her complaint.

> I have used the park for the past two nights to sleep. A man comes in the morning around 4 am and erases my dreams. They are doing this because they are afraid the truth comes out. They know I hit the target. The government replaces my dreams with their stuff/work. They program me. It hurts. I and my heavenly father communicates this way (mostly.)
>
> The game playing have not stopped. . . .
>
> From observation, I can tell [that] the defendants [are] still using samples of blood and urine from me to build more babies of me. Yesterday at Fulton Center they stole my covering scarf . . . This morning someone at Grand Central (Shake Shack) took the sample. . . .
>
> I believe [that] the government ha[s] sent others to physically kill me. On Saturday, I used the point of contact intercom in the subway station. A man and a woman circled at least three times at the station. They were working with a 'hitman.' This man wore a T-Shirt that read 'By any means necessary.' From my vision I saw MTA putting in an interpretation video of the scene. . . .
>
> The government ha[s] also hired tech guys to get this money back from me. . . . Yesterday about 12 noon I was bombarded with geeks coming after my money. . . Three more (hunters) came again at Old Slip and South and more again at Wall Street and South.

(Compl. at 9-11.) Plaintiff seeks $10 billion in damages, to have her children returned to her, and her own home, not later than September 24, 2019. (*Id.* at 6.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff has filed more than ten actions *in forma pauperis* within the past two weeks.[1] The Court warns Plaintiff that further vexatious or frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions *in forma pauperis* unless she receives prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The Court warns Plaintiff that further vexatious or frivolous litigation in this Court will result in an

---

[1] *See, e.g., Frost v. NYPD*, ECF 1:19-CV-8595, 2 (S.D.N.Y. filed Sept. 16, 2019); *Frost v. City of New York*, ECF. 1: 19-CV-8634, 2 (S.D.N.Y. filed Sept. 17, 2019); *Frost v. NYPD*, ECF 1:19-CV-8705, 2 (S.D.N.Y. filed Sept. 18, 2019); *Frost v. NYC MTA*, ECF 1:19-CV-8746, 2 (S.D.N.Y. Sept. 19, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8794, 2 (S.D.N.Y. Sept. 20, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8795, 2 (S.D.N.Y. Sept. 20, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8881, 2 (S.D.N.Y. Sept. 24, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8909, 2 (S.D.N.Y. Sept. 25, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 2 (S.D.N.Y. Sept. 26, 2019).

order barring Plaintiff from filing new actions *in forma pauperis*.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   October 7, 2019
           New York, New York

                                            COLLEEN McMAHON
                                       Chief United States District Judge